**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BETTY JEAN ROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:19-CV-3141-JCH |
| v. | ) | |
| | ) | |
| VEND TECH-SGI LLC and FORREST | ) | |
| GARTH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Betty Jean Roy for leave to proceed in forma pauperis. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. Additionally, as fully explained below, the Court will dismiss without prejudice the complaint.

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this rule

does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). In addition, pro se complaints must allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## The Complaint

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e), *et seq*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. Named as defendants are Vend Tech-SGI LLC ("Vend Tech") and Forrest Garth.[1]

Plaintiff submitted a form complaint for employment discrimination, checking the boxes indicating she was discriminated against based on race, color, gender, and age. She wrote in that she was also discriminated against based on past criminal charges. In her description of her claim, however, she does not refer to any alleged discrimination based on race, color, gender, or age. Instead, she states that on September 9, 2019, she interviewed with defendant Forrest Garth for a position with defendant Vend Tech. She informed Garth that she had a criminal record, but that it was sealed. Later, she brought in the paperwork regarding her misdemeanor criminal charges. On October 22, 2019, Garth emailed plaintiff that they had chosen another candidate for the position.

In her charge of discrimination with the Missouri Commission on Human Rights and EEOC, again plaintiff checks the boxes that she was discriminated against based on race, sex, and age. In her description of the events, she states that she applied for a job at Vend Tech and interviewed for the position, but was later informed that the company had selected another

---

[1] Plaintiff has not listed defendant Forrest Garth in her case caption. She has filed two separate page twos, however, one listing as a defendant Vend Tech SGI – LLC, and one listing as a defendant Forrest Garth.

candidate.  She states, "I believe I was denied employment because of my sex, female and race, black in violation of [Title VII and the ADEA]."

Plaintiff alleges that the discriminatory conduct took place from September 9, 2019, the date of her interview, to October 22, 2019, when she was informed the company had hired another individual.  For relief, plaintiff seeks $500,000 in damages.

## Discussion

To establish a prima facie case of discrimination under Title VII, plaintiff must show that she:  (1) is a member of a protected class; (2) was qualified for the position; and (3) suffered an adverse employment action under circumstances permitting an inference that the action was the result of unlawful discrimination.  *See Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 810 (8th Cir. 2005) (citing *Habib v. NationsBank*, 279 F.3d 563, 566 (8th Cir. 2001)).  To set forth a prima facie claim of age discrimination under the ADEA, a plaintiff must establish that she:  (1) is over 40; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) similarly-situated employees outside the class were treated more favorable.  *See Anderson v. Durham D & M, LLC*, 606 F.3d 515, 523 (8th Cir. 2010).

Plaintiff completed her employment discrimination complaint on a court-provided form, which states that she is required to specifically describe the conduct she believed was discriminatory, and to describe how each defendant was involved in such conduct.  Other than checking the boxes for race, color, gender, and age discrimination, however, plaintiff has alleged no facts that would give rise to any inference that she was discriminated against based on these criteria.  In describing the discriminatory conduct, plaintiff states that defendants did no hire her for a job for which she interviewed, and hired another candidate.  Plaintiff believes she was not

hired possibly because of her past criminal record, which she disclosed during the interview. Turning toward plaintiff's charge of discrimination and email correspondence with defendants, all of which were attached to her complaint, again plaintiff alleges no facts giving rise to any inference of discrimination.[2] She states only that she interviewed for a job, was not hired, and concludes, "I believe I was denied employment because of my sex, female and race, black in violation of Title VII [and the ADEA]." Plaintiff alleges no facts to support any direct evidence of discrimination or any inference of discrimination. She has not alleged the age, race, color, or gender of the individual hired for the job. Even assuming plaintiff was not hired because she had a criminal record, this is not actionable under Title VII or the ADEA. Her email communications establish only that she interviewed for the position, followed up with defendant Garth regarding her criminal background, and that another candidate was hired for the position.

Plaintiff's conclusory allegations wholly lack factual support and are not entitled to the presumption of truth. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Even pro se plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). The facts alleged simply do not give rise to a "plausible entitlement to relief" against defendants. *Twombly*, 550 U.S. at 558. Having carefully reviewed the complaint, the charge of discrimination, and all email communications between plaintiff and defendants, the Court determines that plaintiff has not alleged sufficient facts to survive initial review, and her claims against Vend Tech and Forrest Garth will be dismissed.

---

[2] The Court has considered all plaintiff's attachments to the complaint as a part of the complaint for all purposes. *See* Fed. R. Civ. P. 10(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**.  [ECF No. 3]

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this __6th__ day of February, 2020.


\s\  Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE